UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JARVIS EDWARDS** | **CIVIL ACTION NO. 20-1290-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **WARDEN MARCUS MEYERS** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Jarvis Edwards, pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on October 1, 2020. Petitioner is incarcerated in the Raymond Laborde Correctional Center in Cottonport, Louisiana. He challenges his state court conviction, habitual offender adjudication, and sentence. Petitioner names Warden Marcus Meyers as respondent.

On August 24, 2009, Petitioner was convicted of one count of forcible rape in the Louisiana First Judicial District Court, Parish of Caddo. On March 2, 2010, he pleaded guilty as a second felony offender and was sentenced to 32 1/2 years imprisonment without benefit for the first two years.

The court cannot readily determine with certainty the grounds Petitioner is raising in support of his application. It appears Petitioner is raising the following claims in support of his application: (1) He received ineffective assistance of trial counsel; (2) His sentence

is unconstitutional; (3)  His waiver of right to a jury trial was unconstitutional because of fraud/misrepresentation by his attorney; (4)  He rejected the sentencing agreement due to fraudulent misrepresentation by his attorney; (5)  The state district court erred in finding that it lacked venue to hear and decide his application for writ of habeas corpus and/or motion to correct illegal/excessive sentence; (6) The state district court erred in finding he had not stated a valid claim for sentencing relief under <u>Strickland</u> without an evidentiary hearing; (7) The state district court erred in finding that his guilty plea and sentence were legal because the sentence was imposed within the sentencing guidelines; (8) The state district court erred in denying his application for writ of habeas corpus and/or his motion to correct illegal/excessive sentence; and (9)  The state district court erred in finding that he did not state a particularized need for all requested documents in his application for writ of habeas corpus and/or his motion to correct an illegal/excessive sentence.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus

by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

    1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

    2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

    3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

    4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order for a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on August 24, 2009. He pleaded guilty as a second felony offender and was sentenced on March 2, 2010. The Louisiana Second Circuit Court of

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

Appeals affirmed Petitioner's conviction and sentence on December 15, 2010. State v. Edwards, 45,842 (La. App. 2nd Cir. 12/15/10), 56 So.3d 345. The Supreme Court of Louisiana denied writ of review on May 25, 2012. State v. Edwards, 2011-0163 (La. 5/25/12), 90 So.3d 407.

In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction and sentence become final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the Supreme Court has expired. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). Therefore, Petitioner's one-year period commenced 90 days after May 25, 2012 on August 23, 2012.

The federal petition currently before the court was filed in this court on October 1, 2020 and signed by Petitioner on September 30, 2020. Since the federal clock began ticking on August 23, 2012 and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition in or before August 23, 2013. This petition was not filed until 2020, more than seven years too late.

In addition, Petitioner fails to allege that the post-conviction proceedings conducted by him served to toll the one-year limitation period. He does not demonstrate that they were filed within the one-year period. See supra footnote 1. Petitioner filed at least two applications for post-conviction relief. Review of the first application continued until the Supreme Court of Louisiana denied his writ on September 22, 2017 and review of the second application continued until the Supreme Court of Louisiana denied his writ on August 14, 2020. State v.Ex Rel. Edwards v. State, 2016-0974 (LA. 9/22/17), 226 So.3d

446; State v. Edwards, 2020-00157 (La. 8/14/20), 300 So.3d 874. To toll the federal limitation period, a petitioner's post-conviction proceedings must be filed within the federal one-year period. Petitioner did not demonstrate that he filed his applications for post-conviction relief before the federal one-year period expired, therefore his post-conviction proceedings failed to toll the federal one-year period.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 21st day of June, 2021.

_____
Mark L. Hornsby
U.S. Magistrate Judge